# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTONELLO BOLDRINI, | : | Civil No. 3:19-CV-1576 |
| Plaintiff | : | |
| v. | : | |
| FEDERAL NATIONAL, MORTGAGE ASSOCIATION | : | (Magistrate Judge Carlson) |
| Defendant | : | |

## MEMORANDUM AND ORDER

THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:

This is at least the third *pro se* lawsuit which Antonello Boldrini has commenced by the filing of a Notice of Removal, which purports to remove a state mortgage foreclosure case into federal court. Boldrini's prior efforts were unavailing. Federal National Mortgage Association v. Boldrini, Civil No. 3:17-CV-2357. Federal National Mortgage Association v. Boldrini, Civil No. 3:18-CV-1959. Undeterred, Boldrini has now filed the instant removal petition seeking to remove this case to federal court once again.

There are several motions pending in this case, including a motion to substitute 1900 Capital Trust II, by U.S. Bank Trust National Association, not in its Individual Capacity for FNMA as a party in this litigation, and a motion to remand

this case to state court filed by 1900 Capital Trust II. (Doc. 12.) For his part, Boldrini has moved to strike the 1900 Capital Trust pleadings, arguing that 1900 Capital Trust is not a party in interest in this litigation. (Doc. 17.) This motion is fully briefed and is ripe for resolution. (Docs. 17 and 20.) For the reasons set forth below, the motion will be denied.

Rule 12(f) of the Federal Rules of Civil Procedure generally governs motions to strike pleadings and provides, in part, that:

> **(f) Motion to Strike.** The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Fed. R.Civ. P. 12(f).

While rulings on motions to strike rest in the sound discretion of the court, Von Bulow v. Von Bulow, 657 F.Supp. 1134, 1146 (S.D.N.Y. 1987), that discretion is guided by certain basic principles. Because striking a pleading is viewed as a drastic remedy, such motions are "generally disfavored." Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1057 (C.A.La., 1982). As one court has aptly observed: "striking a party's pleadings is an extreme measure, and, as a result, . . . '[m]otions to strike under Fed .R.Civ.P. 12(f) are viewed with disfavor and are infrequently granted.' Lunsford v. United States, 570 F.2d 221, 229 (8th Cir.1977) (citing 5 Wright &

Miller, Federal Practice and Procedure. Civil § 1380 at 783 (1969)). See also, Resolution Trust Corp. v. Gibson, 829 F.Supp. 1103, 1106 (W.D.Mo.1993); 2 James Wm. Moore et al., Moore's Federal Practice § 12.37[1] (3d ed. 2000)." Stanbury Law Firm v. I.R.S., 221 F.3d 1059, 1063 (8th Cir. 2000). In practice, courts should exercise this discretion and strike pleadings only when those pleadings are both "redundant, immaterial, impertinent, or scandalous" and prejudicial to the opposing party. Ruby v. Davis Foods, Inc., 269 F.3d 818, 820 (7th Cir. 2001).

In the instant case, 1900 Capital Trust has made an initial, substantial showing that it is now the successor in interest to the mortgage at issue in this case, and that it is entitled to a remand of this case to state court. While we will defer ruling upon these motions until merits briefing is completed on October 23, 2019, given the threshold showing made by 1900 Capital Trust we find that Boldrini has not established that these pleadings are both "redundant, immaterial, impertinent, or scandalous" and prejudicial to the opposing party. Ruby v. Davis Foods, Inc., 269 F.3d 818, 820 (7th Cir. 2001). Therefore, in the exercise of our discretion, we will deny Boldrini's motion to strike.

An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTONELLO BOLDRINI,** | : | Civil No. 3:19-CV-1576 |
| **Plaintiff** | : | |
| v. | : | |
| **FEDERAL NATIONAL,** | : | **(Magistrate Judge Carlson)** |
| **MORTGAGE ASSOCIATION** | : | |
| **Defendant** | : | |

## **ORDER**

For the reasons set forth in the accompanying memorandum, IT IS ORDERED that the plaintiff's motion to strike (Doc. 17) is DENIED.

So ordered this 10th day of October 2019.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge