IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTONELLO BOLDRINI, | : | Civil No. 3:19-CV-1576 |
| Plaintiff | : | |
| v. | : | (Judge Mariani) |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION | : | (Magistrate Judge Carlson) |
| Defendant | : | |

# MEMORANDUM OPINION

## I. Statement of the Case

Pending before the court is a motion to substitute 1900 Capital Trust II, by U.S. Bank Trust National Association, not in its individual capacity ("1900 Capital"), for the Federal National Mortgage Association ("FNMA") as a party to this litigation.[1] (Doc. 19). FNMA initially brought a mortgage foreclosure action against Antonello Boldrini in state court, which Boldrini then removed to this court. (Doc. 1). Along with his Notice of Removal, Boldrini filed a civil cover sheet identifying himself as the plaintiff and FNMA as the defendant and asserting claims

---

[1] A motion to substitute a party under Rule 25(c) is a nondispositive motion, which a magistrate judge may "hear and determine," 28 U.S.C. § 636(b)(1)(A), as it "would [not] effectively determine a claim or defense of a party." Equal Employment Opportunity Comm'n v. City of Long Branch, 866 F.3d 93, 98-99 (3d Cir. 2017).

1

under the Racketeer Influenced and Corrupt Organizations Act ("RICO") against FMNA. (Doc. 1-1). The instant motion seeks to substitute 1900 Capital for FMNA, as 1900 Capital is the current mortgage holder. Additionally, it seeks an amendment of the caption to correctly designate the parties. For the following reasons, we will grant the motion.

## II. Discussion

### A. 1900 Capital Will Be Substituted for FNMA as a Party to This Litigation.

At the outset, the current motion seeks to substitute 1900 Capital for FNMA and asserts that 1900 Capital is the proper party as the current holder of the mortgage under Federal Rule of Civil Procedure 25(c). (Doc. 19). Rule 25(c) provides that:

> If an interest is transferred, the action may be transferred, the action may be continued by or against the original party, unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party. The motion must be served as provided in Rule 25(a)(3).

Fed. R. Civ. P. 25(c). "Because joinder or substitution under Rule 25(c) does not ordinarily alter the substantive rights of parties but is merely a procedural device designed to facilitate the conduct of a case, a Rule 25(c) decision is generally within the district court's discretion." Luxliner P.L. Export Co. v. RDI/Luxliner, Inc., 13 F.3d 69, 71–72 (3d Cir.1993). In order to determine whether an entity is a transferee of an interest that triggers Rule 25(c), and to exercise its discretion under Rule 25(c),

2

a district court must apply the law to the facts presented in the particular case. Id. at 72.

Here, notwithstanding Boldrini's vehement opposition,[2] the analysis is simple, straightforward and favors granting this motion. While FNMA was the mortgage holder when this foreclosure action was initiated, having received its interest from JPMorgan Chase Bank, N.A. in an assignment recorded on July 19, 2016 (Doc. 19-1, at 20), the mortgage interest has since been transferred multiple times. FNMA transferred its interest in the mortgage to Prof-2013-S3 Legal Title Trust II, by U.S. Bank National Association, by an assignment recorded on January 17, 2017. (Id., at 26). Subsequently, in an assignment recorded on February 19, 2019, the mortgage interest was transferred to 1900 Capital, who is the current holder of the mortgage. (Id., at 30). Accordingly, given that it is undisputed that 1900 Capital currently holds the mortgage interest, 1900 Capital will be substituted as a party in place of FNMA.

---

[2] Boldrini has filed what we perceive to be an opposition to this motion, (Doc. 52), which simply repeats his allegations that he is the victim "of Multiple-Objective-Conspiracy by officials fraud in the courts" and suggests that the substitution of 1900 Capital as the successor in interest on this mortgage is somehow part of the growing web of the conspiracy. This allegation is unsupported by competent evidence and does not provide grounds for denying the entity that appears to be the current mortgage holder the right to participate in this litigation. Therefore, we will not permit this otherwise unadorned conspiratorial claim to defeat this motion to allow 1900 Capital to be substituted as a party in this litigation.

### B. The Caption Will Be Amended to Reflect the Correct Designations of Each Party.

Included in the motion to substitute 1900 Capital as a party in this case is a request to amend the caption of the case to reflect the correct designations of each party. Indeed, as it currently stands, Mr. Boldrini, the removing defendant, has designated himself as the plaintiff in this case, while FMNA is designated as the defendant. However, as 1900 Capital correctly notes, Mr. Boldrini removed this case to federal court, as he was the defendant in the state court foreclosure action, and only defendants can remove state actions to federal court. See 28 U.S.C. § 1441(a). However, along with his notice of removal, Mr. Boldrini filed a civil cover sheet designating himself as the plaintiff and FNMA as the defendant, and by which he asserted RICO claims against FNMA. (Doc. 1-1).

While Mr. Boldrini may wish to assert certain claims against the mortgage holder that is attempting to foreclose on his property, removal to this court of the state civil action means just that—the state foreclosure action filed by FNMA against Boldrini is now before this court. It does not mean that Boldrini has a license to change the caption of the case, the constellation and configuration of the parties, and designate himself as the plaintiff in a case in which he is the defendant. Accordingly, because the caption incorrectly reflects the designation of the parties in this case, we

will direct that the caption be amended to reflect that 1900 Capital is the plaintiff in this action and Mr. Boldrini is the defendant.

## III. Conclusion

Accordingly, for the foregoing reasons, we will direct that 1900 Capital, the current holder of the mortgage interest, be substituted as a party in place of FNMA. Furthermore, we will direct that the caption of this action be amended to reflect that 1900 Capital is the plaintiff and Mr. Boldrini is the defendant.

An appropriate order shall issue.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

DATED: October 24, 2019

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| 1900 CAPITAL TRUST II, BY U.S. BANK TRUST NATIONAL ASSOCIATION, successor in interest to FEDERAL NATIONAL MORTGAGE ASSOCIATION, | : : : : : : | Civil No. 3:19-CV-1576 |
| | : | (Judge Mariani) |
| Plaintiff | : : | (Magistrate Judge Carlson) |
| v. | : : : | |
| ANTONELLO BOLDRINI, | : : | |
| Defendant | : | |

## ORDER

AND NOW, this 24th day of October 2019, in accordance with the accompanying memorandum opinion, IT IS HEREBY ORDERED THAT:

1. 1900 Capital Trust II, by U.S. Bank Trust National Association, not in its individual capacity by solely as Certificate Trustee, shall be substituted as a party in place of Federal National Mortgage Association; and

2. The caption of this action shall be amended to reflect that 1900 Capital is the plaintiff and Mr. Boldrini is the defendant.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge