# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| 1900 CAPITAL TRUST II, BY U.S. BANK TRUST NATIONAL ASSOCIATION, successor in interest to FEDERAL NATIONAL MORTGAGE ASSOCIATION, | : : : : : : | Civil No. 3:19-CV-1576 (Judge Mariani) |
| Plaintiff | : : | (Magistrate Judge Carlson) |
| v. | : : | |
| ANTONELLO BOLDRINI, | : : | |
| Defendant | : | |

## MEMORANDUM OPINION AND ORDER

### I. Factual Background

Antonello Boldrini is an angry man. Boldrini is also a prodigious, but prodigiously unsuccessful, *pro se* litigant in federal court.[1] Boldrini's body of

---

[1] See e.g., Boldrini v. Giovannini, No. 19-1551, 2019 WL 4898474, at *1 (3d Cir. Oct. 4, 2019); Salvati v. Deutsche Bank Nat'l Tr. Co, 758 F. App'x 228, 229 (3d Cir. 2018); Boldrini v. Pega Real Estate Tr., No. 18-2198, 2018 WL 6264374, at *1 (3d Cir. Oct. 1, 2018); Boldrini v. Ammerman, 629 F. App'x 172, 174 (3d Cir. 2015); Boldrini v. Wilson, 609 F. App'x 721, 723 (3d Cir. 2015); Boldrini v. Wilson, 542 F. App'x 152, 153 (3d Cir. 2013); PA v. Boldrini, No. CV 3:19-1401, 2019 WL 5067441, at *1 (M.D. Pa. Oct. 9, 2019); Fed. Nat'l Mortg. Ass'n v. Boldrini, No. CV 18-1959, 2019 WL 4241114, at *1 (M.D. Pa. Sept. 6, 2019); Boldrini v. Wetzel, No. 3:13-CV-2485, 2013 WL 5532880, at *1 (M.D. Pa. Oct. 4, 2013); Boldrini v. Bruno, No. CIV.A. 3:11-1401, 2013 WL 619610, at *1 (M.D. Pa. Feb. 19, 2013).

feckless litigation has been marked by two recurrent themes. First, Boldrini insists, in the absence of any evidence, that "he is the victim of a long-running conspiracy among lawyers, law enforcement, judges, and others. Indeed, a decade ago, said conspiracy resulted in him being 'kidnapped . . . for twenty five days under alleged charges'; and he will not tolerate any attempt by the judiciary to 'Obstruct Justice.' " Boldrini v. Giovannini, No. 19-1551, 2019 WL 4898474, at *1 (3d Cir. Oct. 4, 2019). In addition, Boldrini's litigation is marked by a penchant for what Albert Einstein once described as one of the highest forms of human folly: "doing the same thing over and over again and expecting different results." United States v. Bogart, No. 4:12-CV-347, 2014 WL 7507260, at *1 (M.D. Pa. Dec. 8, 2014), report and recommendation adopted, No. 4:12-CV-00347, 2015 WL 136389 (M.D. Pa. Jan. 8, 2015).

So it is in the instant case. This is at least the third *pro se* lawsuit which Antonello Boldrini has commenced by the filing of a Notice of Removal, which purports to remove a state mortgage foreclosure case into federal court. Boldrini's prior efforts were unavailing. Federal National Mortgage Association v. Boldrini, Civil No. 3:17-CV-2357; Federal National Mortgage Association v. Boldrini, Civil

No. 3:18-CV-1959. Yet, undeterred, Boldrini has now filed the instant removal petition seeking once again to remove this case to federal court.

There are several motions pending in this case. These motions include a motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure to vacate our prior orders. This motion has a certain inscrutable quality and demands a great deal of the reader but seems to be based upon the notion that a fraud has been committed within the court. Relying upon these allegations of fraud, Boldrini insists that we should vacate all of the prior orders entered in this matter. (Doc. 38). What makes this pleading especially odd is the fact that Boldrini seems to be alleging that the fraud that has been committed upon the court is actually the court's participation in this litigation. Thus, Boldrini's motion stems from the curious notion that the court has engaged in a fraud upon itself by sitting and hearing this case. In particular, it appears that Boldrini believes that this court can only exercise jurisdiction over his case with his permission. Since this peculiar notion is at odds with the law, for the reasons set forth below, this Rule 60(b) motion must be denied.[2]

---

[2] We pause to note that Boldrini has been notified by the Court on numerous occasions that he was required to submit a brief in support of these claims no later than October 23, 2019. Despite these repeated admonitions Boldrini has neglected to timely file a brief. Therefore, under the rules of this court we are entitled to deem Boldrini to have abandoned this motion. See, e.g., Salkeld v. Tennis, 248 F. App'x 341 (3d Cir.2007) (affirming dismissal of motion under Local Rule 7.5); Booze v. Wetzel, 1:12-CV-1307, 2012 WL 6137561 (M.D. Pa. Nov. 16, 2012)

## II. Discussion

### A. The Plaintiff Is Not Entitled to Relief Under Rule 60

Boldrini has cast this pleading as motion which arises under Rule 60 of the Federal Rules of Civil Procedure. Accordingly, we will first examine this pleading under the standards prescribed by Rule 60, which provides, in part, as follows:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons;
>
> **(1)** mistake, inadvertence, surprise, or excusable neglect;
> **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> **(4)** the judgment is void;
> **(5)** the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> **(6)** any other reason that justifies relief.

Fed. R. Civ. P., Rule 60(b).

Boldrini's reliance on Rule 60(b) to bar this court from hearing his case challenging this state mortgage foreclosure is misplaced for several reasons. At the outset:

---

report and recommendation adopted, 1:CV-12-1307, 2012 WL 6138315 (M.D. Pa. Dec. 11, 2012); Breslin v. Dickinson Twp., 1:09–CV–1396, 2011 WL 1577840 (M.D.Pa. Apr.26, 2011).

> [I]t has long been held that a state [party] cannot invoke Fed. R. Civ. P. 60 to attack a state court judgment. See, e.g., Burnett v. Amrein, 243 F. App'x 393, 395 (10th Cir. 2007)) ("Last, the district court correctly denied the Burnetts' motion to vacate the state-court judgments. Fed. R. Civ. P. 60(b) 'does not authorize a federal district court to relieve the Burnetts of a judgment entered in state court' "); Graham v. South Carolina, C.A. No. 6:11–595, 2012 WL 527606, at *2 (D.S.C., Feb. 16, 2012) ("Petitioner misunderstands the import of Rule 60(b), which provides that a federal district court may provide relief from its own civil judgments. Rule 60(b) does not authorize a federal district court to review a state criminal conviction and judgment, as is the case here.").

Green v. Coleman, No. CIV.A. 14-74, 2014 WL 1050542, at *2 (W.D. Pa. Mar. 18, 2014).

But even if one assumed that Rule 60 had some application here, this motion would still fail as a matter of law. As the text of this rule implies, decisions regarding whether to vacate judgments under Rule 60, rest "within the discretion of the trial court [although] [i]t is the trial judge's duty to construe the rule liberally in order to work substantial justice between the parties." Home Box Office, Inc. v. Spectrum Electronics, Inc., 100 F.R.D. 379, 382 (E.D. Pa. 1983). In exercising this discretion, "the court must balance the ends of justice on the one hand, . . . , and the public interest in the finality of judgments on the other." Aetna Cas. & Sur. Co. v. Home Ins. Co., 882 F. Supp. 1355, 1356 (S.D.N.Y. 1995). In particular, Rule 60(b)(3) motions alleging fraud must also meet exacting substantive thresholds. "Rule 60(b)(3) provides for relief from a final judgment where there has been 'fraud . . . ,

5

misrepresentation, or other misconduct of an adverse party.' To prevail, the movant must establish that the adverse party engaged in fraud or other misconduct, and that this conduct prevented the moving party from fully and fairly presenting his case. See Rozier v. Ford Motor Co., 573 F.2d 1332, 1341 (5th Cir. 1978)." Stridiron v. Stridiron, 698 F.2d 204, 206-07 (3d Cir. 1983).

> Further, the court of appeals has:
>
> [D]eclared general principles applicable to a 60(b)(3) motion. For example, in Brown v. Pennsylvania Railroad Company, 282 F.2d 522 (3d Cir. 1960), we stated that "[i]n order to sustain the burden of proving fraud and misrepresentation under Rule 60(b)(3), the evidence must be clear and convincing." Id. at 527. See also Anderson v. Cryovac, Inc., 862 F.2d 910, 923 (1st Cir. 1988) (noting need for 'clear and convincing evidence' under 60(b)(3)). In Seaboldt v. Pennsylvania Railroad Company, 290 F.2d 296, 299 (3d Cir. 1961), we recognized that relief under Rule 60(b)(3) may be warranted, even though the newly disclosed evidence may not change the result, if such evidence "would have made a difference" in advancing the moving party's claim. Distilling these cases in Stridiron v. Stridiron, 698 F.2d 204 (3d Cir. 1983), we instructed that "[t]o prevail [under Rule 60(b)(3) ], the movant must establish that [1] the adverse party engaged in fraud or other misconduct, and [2] this conduct prevented the moving party from fully and fairly presenting his case." Id. at 207.

Floorgraphics Inc. v. News Am. Mktg. In-Store Servs., Inc., 434 F. App'x 109, 111-12 (3d Cir. 2011).

In the instant case, Boldrini's Rule 60(b) motion seems to rest on an eccentric, but entirely untenable legal proposition. Boldrini appears to suggest that the court as an institution is committing a fraud upon itself by permitting a magistrate judge to

6

sit on this case over his objections. This proposition, which apparently forms the basis for Boldrini's motion, simply misconstrues the jurisdiction of this court. Section 636(b)(1) of Title 28, United States Code provides that:

> **(b)(1)** Notwithstanding any provision of law to the contrary—
>
> **(A)** a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.
>
> **(B)** a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.
>
> **(C)** the magistrate judge shall file his proposed findings and recommendations under subparagraph (B) with the court and a copy shall forthwith be mailed to all parties.

28 U.S.C. § 636 (b)(1).

It is also clear beyond peradventure that "[a plaintiff's] consent is not necessary for a Magistrate Judge to exercise jurisdiction under 28 U.S.C. § 636(b)(1), including the issuance of non-dispositive orders and Reports and

Recommendations for this Court's review." Brownlee v. United States, No. 3:18-CV-1428, 2019 WL 2127315, at *2 (M.D. Pa. May 15, 2019). That is precisely what we are doing in this case, and since exercising the jurisdiction given to us by statute cannot be deemed some sort of fraud that we are committing upon ourselves, this motion will be denied.

    An appropriate order follows.

DATED: October 24, 2019

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| 1900 CAPITAL TRUST II, BY | : | Civil No. 3:19-CV-1576 |
| U.S. BANK TRUST NATIONAL | : | |
| ASSOCIATION, successor in | : | |
| interest to FEDERAL NATIONAL | : | (Judge Mariani) |
| MORTGAGE ASSOCIATION, | : | |
| | : | |
| Plaintiff | : | (Magistrate Judge Carlson) |
| | : | |
| v. | : | |
| | : | |
| ANTONELLO BOLDRINI, | : | |
| | : | |
| Defendant | : | |

## **ORDER**

AND NOW this 24th day of October 2019, for the reasons set forth in the accompanying memorandum Opinion, IT IS ORDERED that Boldrini's Rule 60 (b) motion (Doc. 38), is DENIED.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge